NOTICE
Decision filed 11/19/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250688-U

NO. 5-25-0688

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 25-CF-1971 |
| | ) | |
| DUSTIN L. MARTIN, | ) | Honorable |
| | ) | A. Ryan Jumper, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court's orders denying pretrial release are affirmed where sufficient evidence was presented to show a strong presumption that defendant committed a qualifying offense, his pretrial release posed a threat to the community, and no conditions of release mitigated that threat.

¶ 2   Defendant, Dustin L. Martin, appeals the circuit court's order granting the State's motion to deny his pretrial release, and the court's subsequent order denying his motion for relief. He argues the State failed to prove by clear and convincing evidence the three statutory requirements for his detention. For the following reasons, we affirm the circuit court's orders.

¶ 3                                    I. BACKGROUND

¶ 4   On August 7, 2025, defendant was charged with three counts of armed violence (720 ILCS 5/33A-2(a) (West 2024)), each a Class X felony (*id.* § 33A-3(a)); possession of a controlled

1

substance, specifically, 900 grams or more of a substance containing cocaine, with intent to deliver, a Class X felony with a mandatory sentence of imprisonment of 15 to 60 years (720 ILCS 570/401(a)(2)(D) (West 2024)); and possession of a controlled substance, specifically, 900 grams or more of a substance containing cocaine, a Class 1 felony punishable by imprisonment for a minimum of 10 years and a maximum of 50 years (*id.* § 402(a)(2)(D) (West 2024)).

¶ 5    The same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2024)). The petition alleged that the proof was evident and the presumption great that defendant committed possession with intent to deliver cocaine, a nonprobationable felony, armed violence, a forcible felony, and that defendant's pretrial release posed a real and present threat to the community. See *id.* §§ 110-6.1(a), (e).

¶ 6    On August 8, 2025, the probation department prepared and filed a Virginia Pretrial Risk Assessment Instrument-Revised. This risk-assessment tool scored defendant as a 6 out of 14, placing him in the "moderate" level of risk for pretrial misconduct.

¶ 7    Defendant retained counsel and the pretrial release hearing was held on August 11, 2025. The State proffered that in June 2025 investigators from Madison County Sheriff's Office (MCSO) received information from confidential sources that defendant was selling "large amounts of cocaine in both St. Clair and Madison Counties." An MCSO confidential source made a controlled buy from defendant in Alton, Illinois, of approximately 28.2 grams of a substance that field-tested positive for cocaine on July 17, 2025. A second controlled buy of 28.5 grams of a substance that field-tested positive for cocaine from defendant occurred on August 5, 2025, in Cahokia Heights, Illinois. The second occasion was witnessed by MCSO investigators and a search warrant for the defendant's residence in Alton, Illinois, was obtained. On August 6, 2025, officers conducted a

2

traffic stop of defendant as he drove his minivan up to his Alton residence. Defendant was searched, and two cell phones and cash were found in his possession. A search of the minivan revealed a Taurus handgun, cannabis, cocaine, "a black bag with multiple cellphones," and cash. The investigators then executed the search warrant obtained for the defendant's residence. In the basement of the residence, "between the joists," police found "two bricks" of a substance that field-tested positive for cocaine; one brick weighed 1,036 grams and the other weighed 1,262 grams. Elsewhere in the residence, police found, in "multiple bags," more than 1,000 grams of a substance that field-tested positive for cannabis. "Drug paraphernalia" found during the search included digital scales, baggies, and a money counter. Three firearms were also found, along with ammunition, magazines, and a drum magazine. Mail addressed to defendant at that residence and U.S. currency were also found. There was no indication in the MCSO's report of the amounts of money found in the defendant's house or on his person.

¶ 8    The State argued that the MCSO's report established that defendant committed detainable offenses and that his actions posed an ongoing threat to the community. The State also argued that because defendant's drug business was operated out of his own house, there was no condition or set of conditions that would mitigate the risk of the defendant's dealing in drugs.

¶ 9    Defense counsel did not proffer evidence. Instead, counsel argued that the State failed to present any evidence that defendant posed a real and present threat to any person or persons or to the community. Counsel stated that defendant lawfully possessed the guns found in his minivan and house and had a concealed carry permit. Counsel also argued that armed violence was not a "forcible felony" and, as charged in this case, it did not involve the use or threat of physical force against any individual. Counsel argued that defendant was a long-time resident of Alton, had a "DORS contract" to serve as caretaker to his ailing mother, and no prior criminal convictions.

3

¶ 10    After hearing arguments, the circuit court granted the State's petition to deny defendant pretrial release. The court found the State proved by clear and convincing evidence that defendant committed a detainable offense. It further found that defendant's drug dealing was dangerous to the community, as it occurred in defendant's home and in public, and involved multiple firearms. It found that no condition of release, including electronic monitoring, would mitigate the threat of defendant's continuing to deal drugs from his home. A written detention order was filed.

¶ 11    On August 15, 2025, defendant filed, pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), a motion for relief from the order denying his pretrial release. The motion alleged that the State's proffered evidence failed to establish that defendant was charged with a detainable offense, that his pretrial release would pose a danger to anyone, or that there was no condition of release that would mitigate that danger. The motion suggested the court should require defendant to wear an ankle monitor as a condition of his release.

¶ 12    In a brief filed in support of the motion for relief, defendant argued that the State had not proven by clear and convincing evidence that he was a danger to any person or to society. He had "no criminal history" and had "completely complied with law enforcement since being taken into custody." Defendant alleged that the State failed to prove specific, articulable facts that established his supposed dangerousness, but instead relied on generalities about the societal harm caused by selling drugs On this point, the defendant cited *People v. Barajas*, 2025 IL App (2d) 250130-U, which reversed the circuit court's order denying pretrial release where the State impermissibly relied on the drug offenses themselves—with nothing more—to establish that defendant's pretrial release posed a danger to the community.

¶ 13    On August 22, 2025, defendant filed a supplemental brief in support of the motion for relief. He argued that he was not charged with a violent felony and did not have a firearm on his

person. The brief also provided additional details about the firearms and ammunition found by police during their searches of his residence and minivan which were revealed in the discovery that the State recently turned over to defense counsel. In support of the claim that defendant did not have a firearm on his person, he noted that of the three firearms found in the residence, one was found in a bedroom, and two were found in the basement—one inside a duffel bag, and one in a tote bag. The drum magazine was empty. He further noted that the Taurus handgun was found in the sunglass holder of the minivan.

¶ 14    On August 22, 2025, the circuit court held a hearing on defendant's motion for relief. Defense counsel focused on defendant's alleged dangerousness stating defendant neither used nor threatened anybody with the firearms that were "merely" found in his residence and minivan. Counsel also argued that, according to the discovery he had recently received, a handgun was found in an upper-floor bedroom, near the bed, along with an empty drum magazine and a loaded magazine, and the handgun found in the minivan was loaded. Following argument, the circuit court denied the defendant's motion for relief. Defendant appeals.

¶ 15                                    II. ANALYSIS

¶ 16    Defendant argues that the circuit court's pretrial detention order should be reversed. In support, defendant argues that the State failed to prove by clear and convincing evidence that defendant was charged with a detainable offense, that he posed a threat to the community if released, and that no conditions of release would mitigate his dangerousness.

¶ 17    All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2024). However, the State may seek to overcome that presumption and request denial of a defendant's pretrial release under the dangerousness standard set forth in the Code. See *id.* § 110-6.1(a). In order to meet this burden, the State must prove by clear and convincing evidence, that

(1) "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* §§ 110-6.1(a), (e)(1)); (2) "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" (*id.* § 110-6.1(e)(2)); and (3) "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" (*id.* § 110-6.1(e)(3)(i)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74. "Decisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2024). We review the circuit court's decision *de novo* because the evidence was presented by proffer or was "otherwise documentary in nature." *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 18    We have independently reviewed the evidence presented to the circuit court. At the hearing on the State's motion to deny pretrial release, the State's proffer indicated that in the summer of 2025, the defendant twice sold drugs to a confidential source—approximately 28 grams of a substance containing cocaine on each occasion. On August 6, 2025, police conducted a traffic stop of the defendant which revealed a loaded Taurus handgun, cocaine, cannabis, and multiple cell phones in defendant's vehicle. A search of defendant's residence revealed "two bricks" of a substance containing cocaine, which weighed a total of approximately 2,000 grams, 1,000 grams of cannabis, drug paraphernalia, three firearms, and ammunition.

¶ 19    Defendant first argues that the State failed to meet its burden of proving, by clear and convincing evidence, that he was charged with a detainable offense. We disagree. The proffered

evidence was sufficient to establish that defendant committed possession with intent to deliver 900 grams or more of any substance containing cocaine. This crime, which is an offense described in section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2024)), is a nonforcible felony for which, "based on the charge ***, a sentence of imprisonment, without probation, periodic imprisonment, or conditional discharge, is required by law upon conviction." *Id.* Possession with intent to deliver 900 or more grams of cocaine is a Class X felony that carries a mandatory sentence of imprisonment for a term not less than 15 years and not more than 60 years. 720 ILCS 570/401(a)(2)(D) (West 2024). The mandatory sentence of imprisonment renders this Class X felony an offense that qualifies the defendant for pretrial detention. See 725 ILCS 5/110-6.1(e)(1) (West 2024). As such, we find the presumption strong that defendant committed a qualifying offense and affirm the circuit court's similar finding.

¶ 20    Defendant next argues that the State failed to establish that he posed a real and present threat to the safety of the community, based on the specific articulable facts of the case. See *id.* § 110-6.1(e)(2). In making a determination of dangerousness, like the circuit court, we may consider a variety of factors that include, but are not limited to, the "nature and circumstances" of the charged offense, and "[w]hether the defendant is known to possess or have access to any weapon or weapons." *Id.* § 110-6.1(g)(1), (7) (West 2024).

¶ 21    Citing *Barajas*, 2025 IL App (2d) 250130-U,[1] defendant argues that the State failed to establish that his pretrial release equated to dangerousness. In *Barajas*, the Appellate Court reversed the circuit court's order denying pretrial release where the State had impermissibly relied on the charged drug offenses themselves—and nothing more—to establish that the defendant's

---

[1]Under Illinois Supreme Court Rule 23(e)(1), an unpublished decision is not precedential but "may be cited for persuasive purposes." Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025).

pretrial release would pose a danger to the community. *Id.* ¶¶ 19, 29. It stated that to show that a defendant's pretrial release would be dangerous, the State must point to some peculiar, particular fact about the individual defendant whom it seeks to detain. *Id.* ¶ 20. It further stated that "generalizations about the societal harm caused by drug sales, standing alone, are insufficient to demonstrate that pretrial release of a defendant charged with drug offenses poses a threat to the community." *Id.* ¶ 21.

¶ 22    However, the facts in *Barajas* also revealed that the State "did not allege or present any evidence that defendant had used or possessed any weapons (725 ILCS 5/110-6.1(g)(7) (West 2024)), engaged in threats or violence (*id.* § 110-6.1(g)(2)), had a criminal record or troubled history (*id.* § 110-6.1(g)(2)(A)), or targeted vulnerable individuals (*id.* §§ 110-6.1(g)(3), (6))." *Barajas*, 2025 IL App (2d) 250130-U, ¶ 23. In other words, the court in *Barajas* stated, or at least strongly implied, that if the State had alleged or presented evidence that the defendant, *e.g.*, had "used or possessed any weapons," it would have succeeded in proving the dangerousness of the defendant's pretrial release.

¶ 23    The missing fact in *Barajas* is present in the instant case rendering *Barajas* easily distinguishable. Here, the State established that defendant possessed at least three firearms which is a factor a court may use in determining dangerousness. See 725 ILCS 5/110-6.1(g)(7) (West 2024). As such, we disagree that the State's evidence relied exclusively on the social harm of drug sales. Instead, we find the State's evidence relied on the substantial quantity of illicit drugs for sale, combined with the multiple firearms and ammunition found in defendant's home and vehicle, to establish the real and present threat that defendant posed to the community if released pretrial. Accordingly, we affirm the circuit court's finding of dangerousness.

¶ 24   Finally, defendant briefly argues that the State failed to establish, and the circuit court erred in finding that no set of conditions would mitigate defendant's threat to the community if he were released. See *id.* § 110-6.1(e)(3)(i)). In its written detention order, the court stated, and we agree, that "no condition such as electronic monitoring would prevent the defendant from continuing to sell narcotics." Defendant's sale of drugs is based at his residence, as evidenced by the quantity of substances found therein. As such, in-home detention seems unlikely to curtail defendant's business as people could easily go to defendant's residence to obtain the drugs. GPS monitoring is equally deficient for the same reason. Accordingly, we affirm the circuit court's finding that no set of conditions would mitigate defendant's threat to the community.

¶ 25                                   III. CONCLUSION

¶ 26   For the foregoing reasons, we affirm both the circuit court's order granting the State's petition to deny pretrial release and the court's order denying the defendant's motion for relief.


¶ 27   Affirmed.